**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Collay, | No. CV-23-01642-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Equifax Information Services LLC, | |
| Defendant. | |

Pending before the Court is a Rule 12(b)(6) motion to dismiss filed by Defendant Equifax Information Services LLC ("Defendant"). (Doc. 13.) Plaintiff was unresponsive when Defendant sought to meet and confer with him about the motion and then failed to respond after the motion was filed. Accordingly, the motion to dismiss is summarily granted and this action is dismissed without prejudice.

## BACKGROUND

On August 14, 2023, Plaintiff, who is proceeding *pro se*, initiated this action by filing the complaint. (Doc. 1.)

On August 15, 2023, the Court issued its standard "Notice to Pro-Se Non-Prisoner Parties Representing Themselves." (Doc. 4.) Among other things, this notice explained that "[i]f you DO NOT respond to a motion within the requirements of the local Rules, the Court may assume consent to the denial or granting of the motion and may dispose of the motion summarily under Local Rule of Civil Procedure 7.2(i)." (*Id.* at 5.)

On August 24, 2023, the Court issued the preliminary order. (Doc. 6.) Among other

1    things, it reiterated that "[t]he parties are specifically advised that failure to prosecute, to

2    comply with court orders, or to comply with the Local and Federal Rules may result in

3    dismissal of all or part of this case, default, imposition of sanctions, or summary disposition

4    of matters pending before the Court."  (Doc. 6 at 6.)

5         On September 18, 2023, Plaintiff filed a motion to allow electronic filing.  (Doc.

6    10.)  That motion was granted.  (Doc. 11.)

7         On November 3, 2023, Defendant filed the pending Rule 12(b)(6) motion to dismiss.

8    (Doc. 13.)  In addition to explaining why Plaintiff's claims are subject to dismissal on the

9    merits, the motion includes the following notation: "Prior to filing this Motion, counsel for

10   Equifax consulted with Plaintiff regarding deficiencies in the Complaint, as required by

11   Local Civil Rule 12.1(c), but Plaintiff has been unresponsive as of the filing of this

12   Motion."  (*Id.* at 1.)

13        Under LRCiv 7.2(c), Plaintiff had 14 days to respond to Defendant's motion.  The

14   14-day deadline has now expired and Plaintiff did not respond.

## DISCUSSION

16        LRCiv 7.2(i) provides that if the opposing party "does not serve and file the required

17   answering memorandum" to a pending motion, "such non-compliance may be deemed a

18   consent to the . . . granting of the motion, and the Court may dispose of the motion

19   summarily."   As noted, Plaintiff has twice been advised of this requirement and the

20   potential consequences of non-compliance.

21        "Failure to follow a district court's local rules is a proper ground for dismissal."

22   *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Furthermore, the Court "has the inherent

23   power to dismiss a case *sua sponte* for failure to prosecute."  *Link v. Wabash Railroad Co.*,

24   370 U.S. 626, 629-31 (1962).  The Court weighs the same factors when considering

25   whether to dismiss for failure to follow court orders or for failure to prosecute.  "Before

26   dismissing the action, the district court is required to weigh several factors: (1) the public's

27   interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

28   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53. *Cf. Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Dismissal is proper where "at least four factors support dismissal, or where at least three factors strongly support dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). Nevertheless, "[t]his 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent . . . or a script that the district court must follow." *Conn. Gen. Life,* 482 F.3d at 1096.

Regarding the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal" and can "strongly" support dismissal. *Yourish*, 191 F.3d at 990. Regarding the second factor, the Court cannot manage its docket if dispositive motions go unaddressed and if Plaintiff fails to respond to meet-and-confer inquiries from Defendant. Thus, the first two factors support dismissal.

As for the third factor, although the delay is minimal at this time, further delay risks prejudice to Defendant. *Parker v. Shaw & Lines, LLC*, 2010 WL 1640963, *2 (D. Ariz. 2010) ("It is axiomatic that, as time passes, it becomes harder for Defendants to defend the action as witnesses become unavailable and memories fade."). Thus, the third factor supports dismissal.

The fourth factor weighs against summary dismissal. "Because public policy favors disposition of cases on their merits, this factor weighs against dismissal." *Wystrach v. Ciachurski*, 267 F. App'x 606, 608 (9th Cir. 2008).

The fifth factor requires the Court to consider whether less-drastic sanctions could be appropriate, whether it has already tried them, and whether the noncompliant party has been warned that the case could be dismissed for failure to comply. *Connecticut Gen. Life*, 482 F.3d at 1096. Here, a local rule expressly authorizes the Court to "dispose of the

motion summarily" when an "unrepresented party" fails to "file the required answering memoranda" for a motion.  LRCiv 7.2(i).  Additionally, Plaintiff has twice been advised of this requirement and the consequences of non-compliance.  As for the availability of less-drastic sanctions—which include, for example, "a formal reprimand, imposition of costs or attorney fees, or an adjudication of the motion without the benefit of plaintiffs' arguments in opposition," *Wystrach*, 267 F. App'x at 608—the Court concludes such alternatives would be inappropriate here in light of the multiple warnings that Plaintiff has received and Plaintiff's failure to respond to Defendant's meet-and-confer inquiry.  Thus, the fifth factor supports dismissal.

It is within the Court's discretion to dismiss the action summarily at this juncture.  *Parker*, 2010 WL 1640963, *2.  *See also United States v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").  Accordingly, this action is dismissed without prejudice.  *See, e.g.*, *Fader v. City of Phoenix*, 2013 WL 5446676, *2-3 (D. Ariz. 2013) ("[D]ismissal without prejudice is the only acceptable less drastic sanction in this case.").

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 13) is **summarily granted.**  Plaintiff's claims are dismissed without prejudice and without leave to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly and terminate this action.

Dated this 21st day of November, 2023.

Dominic W. Lanza
United States District Judge

- 4 -